IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deutsche Bank National Trust Company,
as trustee under the pooling and servicing : Civil Action 2:07-cv-370
Agreement Series ITF RAST 2006-A4,

        Plaintiff     : Judge Sargus

v.     : Magistrate Judge Abel

Keely M. Jundt, *et al.*,    :

        Defendants    :

## Order

This matter is before the Court on Plaintiff's June 26, 2007 motion for summary judgment on its Complaint in its favor pursuant to Rule 56 against Defendant Keely Jundt. (Doc. 10).

### I. Facts

The complaint alleges that Keely M. Jundt executed a Note and a Mortgage in favor of Plaintiff on a piece of property which is

> Situated in the City of Dublin, County of Franklin, State of Ohio, and is described as follows:
> Being Lot Number Twelve (12) of Shannon Park Section 1, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 54, pages 72 and 73, Recorder's Office, Franklin County, Ohio.

The complaint further alleges that Plaintiff is the owner and holder of the Note, and states the Note is in default because installment payments due on the Note have not been paid. Compl. ¶¶1-9. Plaintiff claims that notice of default was given to Ms. Jundt under the terms of the Note and the Note was properly accelerated. Compl. ¶4. The complaint alleges that Plaintiff is

entitled a finding that Ms. Jundt is in default on the note and order and also seeks an Order and decree of foreclosure. Ms. Jundt has discharged the debt in bankruptcy.

## II. Arguments of the Parties

Plaintiff argues that it is entitled to summary judgment on its Complaint, claiming that there is no dispute that Ms. Jundt executed and delivered the Note and Mortgage, that Plaintiff is the holder and owner of the Note and Mortgage, that Ms. Jundt has not made the required installment payments on the Note, and is in default under the terms and conditions of the Note and Mortgage. One of its employees, Julie McCombs, attested to these alleged facts in an affidavit submitted by Plaintiff along with its summary judgment motion. McCombs Aff. ¶¶1–7.

Ms. Jundt responds by stating that Plaintiff has yet to provide proof that it is the proper party to bring this action as required by Fed. R. Civ. P. 17(A). In fact, Ms. Jundt states that Homestead Mortgage Company, which is an entity other than Plaintiff, is listed as the owner of the Note and Mortgage. She also argues that if the Court looks at the history of payment document attached to Plaintiff's motion, it will become apparent that Plaintiff is not listed as the loan servicer. Finally, Ms. Jundt contends that Plaintiff has failed to provide evidence that Homestead Mortgage Company assigned the Note and Mortgage to it. Plaintiff failed to file a reply brief.

## III. Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided,

summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

After reviewing the exhibits submitted by Plaintiff, this Court notes that the Homestead Mortgage Company is listed as the holder of the Note and Mortgage on the piece of property at issue. Although Ms. McCombs states in her affidavit that Plaintiff is the owner of the Note and the Mortgage, she does not explain why Homestead, and not Plaintiff is listed as the owner on instruments themselves. Nor does Plaintiff make any response to Ms. Jundt's contention that it is not the true owner. Thus, viewing the evidence in a light most favorable to Ms. Jundt, I conclude that there is a genuine issue of material fact as to whether Plaintiff is the owner of the Note and Mortgage at issue.

**IV. Conclusion**

For the reasons stated above, Plaintiff's June 26, 2007 motion for summary judgment on its Complaint in its favor pursuant to Rule 56 against Defendant Keely Jundt (doc. 10) is DENIED.

_____ 8-6-2007
United States District Judge